JANET M. HEROLD
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
NATALIE NARDECCHIA (CSBN 246486)
Trial Attorney
United States Department of Labor
Office of the Solicitor
350 S. Figueroa St., Ste. 370
Los Angeles, CA 90071
Direct: (213) 894-3284
Facsimile: (213) 894-2064
Email: Nardecchia.Natalie@dol.gov

Attorneys for Plaintiff, Thomas E. Perez,
Secretary, U.S. Department of Labor

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>         Plaintiff,<br><br>      v.<br><br>TYLER RESIDENTIAL CARE, INC.,<br>a California corporation; BENJAMIN<br>PENALOSA and OFELIA<br>PENALOSA, individuals.<br>         Defendants. | Case No. CV 13-07217 DDP (SSx)<br><br>**CONSENT JUDGMENT & ORDER** |

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary") having filed his Complaint, and Defendants Tyler Residential Care, Inc., a California corporation, and Benjamin Penalosa and

**CONSENT JUDGMENT**                                                                  Page 1 of 13

Ofelia Penalosa, individuals (collectively "Defendants"), having been duly advised on the proceedings and having agreed to resolve the matters in controversy in this civil action, consent to the entry of this Consent Judgment in accordance herewith:

    A.    The Secretary has filed a Complaint alleging that Defendants violated pro-visions of Sections 6, 7, 11(c), 15(a)(2) and (5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and (5).

    B.    Defendants have appeared, have obtained legal counsel, and acknowledge receipt of a copy of the Secretary's Complaint.

    C.    Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

    D.    The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

    E.    Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

    F.    Defendants admit that they failed to pay their employees for all hours worked, in violation of the requirements of the FLSA. Defendants agree to compensate their employees for all hours worked regardless of whether the work was authorized or not. Defendants agree that all hours need to be compensated, including but not limited to time for in-service, interrupted sleep time, travel time, grocery shopping time, no staff coverage time, and additional hours worked for holidays while Defendants' clients are on the premises.

    G.    Defendants admit that they failed to accurately document hours worked in violation of the requirements of the FLSA. Defendants agree to accurately document all hours worked for all of their employees, and to maintain such records for two years for all nonexempt employees. Defendants agree to keep

all earnings records for three years.

   H.   Defendants agree that it is a violation of the FLSA to take deductions from their employees' pay based on an employee's immigration status or nationality.  Defendants agree to refrain from making any such illegal deductions.

   I.   Defendants admit that they failed to display in the workplace the Employee Polygraph Protection Act poster and Minimum Wage poster as required by 29 C. F. R. § 801.6 and 29 U.S.C. § 211.  Defendants agree to display these posters in conspicuous locations at each of their facilities where employees are likely to see them.

   J.   Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

   It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

   **ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq., (hereafter the "Act" or the "FLSA"), that Defendants Tyler Residential Care, Inc., a California corporation, Benjamin Penalosa and Ofelia Penalosa, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

   1.   Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise

CONSENT JUDGMENT                                                                 Page 3 of 13

engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act).

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his or her employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he or she is employed.

3. Defendants shall not fail to make, keep, preserve, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, the records of its employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations issued, and from time to time amended, pursuant to Sections 11(c) and 15(a)(5) of the Act and the implementing regulations found in 29 C.F.R. Part 516.

4. Defendants shall make, keep, and preserve accurate records of the wages, hours, and other work conditions and practices of each and every individual who performs any work for Defendants at their current or future residential care home facilities. Defendants shall maintain earnings records for three years. For all other records, Defendants shall keep the records for two years for all nonexempt employees.

5. Defendants shall not fail to pay their employees for all hours worked, regardless of whether the work was authorized or not. Defendants shall compensate their employees for all hours worked, including but not limited to time for in-service, interrupted sleep time, travel time, grocery shopping time, no staff coverage time, and additional hours worked for holidays while Defendants' consumers are on the premises.

6. **IT IS FURTHER ORDERED** that Defendants shall not withhold payment of **$279,577.49** which represents the unpaid minimum wage and overtime compensation hereby found to be due during the period from April 1, 2010 to April 1, 2013 ("Subject Period") to those current and former employees of Defendants named in **Exhibit A**, attached hereto and made a part hereof, in the amounts set forth therein.

7. Defendants shall not withhold payment of **$18,700.00**, which represents unpaid civil money penalties assessed against Defendants and finally determined, pursuant to the authority granted in Section 16(e) of the FLSA, 29 U.S.C. § 216(e), for violations of the provisions of the FLSA during the Subject Period.

8. Defendants and any individual or entity acting on Defendants' behalf or at their direction, shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any monies in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any monies in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said

employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained monies due to him or her from Defendants under the provisions of this Consent Judgment or the FLSA.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, in favor of the Secretary and against Defendants in the total amount of **$577,854.98**, which is comprised of unpaid minimum wage and overtime compensation owed by Defendants in the amount of **$279,577.49**, an additional equal amount as liquidated damages, and unpaid civil money penalties assessed against Defendants.

9. Defendants shall pay to the Secretary the gross amount of back wages due, as set forth in greater detail in Paragraph 12, infra, from the total amount of **$279,577.49**, which represents the unpaid gross minimum wage and overtime compensation hereby found to be due for the Subject Period to the current and former employees of Defendants named in **Exhibit A**, attached hereto and made a part hereof.

10. Pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216, Defendants shall further pay to the Secretary as liquidated damages the additional sum of **$279,577.49** hereby found to be due for the Subject Period to the current and former employees named in **Exhibit A**, attached hereto and made a part hereof.

11. Pursuant to the authority granted in Section 16(e) of the FLSA, 29 U.S.C. § 216(e), Defendants shall further pay to the Secretary as unpaid civil money penalties assessed against Defendants the additional sum of **$18,700.00**.

12. The provisions of this Consent Judgment shall be deemed satisfied when Defendants comply with the following payment provisions:

    a. As soon as practicable, and by no later than September 30, 2013, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, Attn: Angelica Garcia, 100 N. Barranca Ave., Suite 850, West Covina, CA 91791, a schedule containing: (1) the names, Social Security numbers, last known home addresses, last known home telephone numbers, last known mobile telephone numbers.

    b. As soon as practicable, and by no later than September 30, 2013, Defendants shall make payment of the back wages and liquidated damages described in Paragraphs 9 and 10, supra, and the unpaid civil money penalties described in Paragraph 11, supra, by delivering a cashier's check or money order. The check shall include the firm name of "Tyler Residential Care Inc." and shall be made payable to the order of the "Wage & Hour Div., Labor." Defendants shall deliver this payment to Wage and Hour Division, United States Department of Labor, Attn: Angelica Garcia, 100 N. Barranca Ave., Suite 850, West Covina, CA 91791.

13. In the event of a default in the timely making of the payment specified herein, the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division ("Wage and Hour"). For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within five (5) calendar days of the due date.

14. Upon receipt of the payment detailed in Paragraph 12(b), <u>supra</u>, the Secretary shall distribute payments to the persons named in the attached **Exhibit A**, or to their estates if that be necessary, in his sole discretion, and any monies not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

15. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages, liquidated damages or the funds in restitution of the retaliation from any of the employees listed on the attached **Exhibit A**. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

16. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

17. The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as, or be asserted as, a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not

named on the attached Exhibit A, nor as to any employee named on the attached **Exhibit A** for any period not specified herein for the back wage recovery provisions.

18.   Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding.

19.   IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED.

Dated: October 17, 2013

U.S. District Judge

```
 1
 2
 3                                          M. PATRICIA SMITH
                                            Solicitor of Labor
 4
                                            JANET M. HEROLD
 5                                          Regional Solicitor

 6                                          DANIEL J. CHASEK
                                            Associate Regional Solicitor
 7
 8   Dated:    9/25-2013        /s/ _____
                                NATALIE NARDECCHIA
 9                              Trial Attorney
10
11
12
13   Dated:    9/24-2013        /s/ _____
                                BENJAMIN PENALOSA,
14                              Defendant, as an individual and as
                                managing agent of Tyler Residential
15                              Care, Inc., a corporation

16
17   Dated:    9/24/-2013       /s/ _____
                                OFELIA PENALOSA,
18                              Defendant, as an individual and as
                                managing agent of Tyler Residential
19                              Care, Inc., a corporation
20
21
22   Dated:    9/24-2013        /s/ _____
                                STEPHEN A. MADONI,
23                              Attorney for Tyler Residential
                                Care, Inc., a corporation
24
25
```

CONSENT JUDGMENT                                          Page 10 of 13

# **EXHIBIT A** TO CONSENT JUDGMENT

| Last Name | First Name | BW Start Date | BW End Date | Total BW Due (Gross) | Total Liquidated Damages |
|---|---|---|---|---|---|
| Agraan | Evangeline | 03/12/2011 | 03/09/2013 | $1,154.39 | $1,154.39 |
| Agraan | Marline | 08/27/2011 | 03/23/2013 | $2,365.26 | $2,365.26 |
| Alvarez | Francis | 03/05/2011 | 03/12/2011 | $56.00 | $56.00 |
| Binuya | Dolores | 02/11/2012 | 03/23/2013 | $344.00 | $344.00 |
| Castillo | Arsenia | 04/14/2012 | 03/23/2013 | $782.18 | $782.18 |
| Castillo | Cleofe | 02/16/2013 | 03/23/2013 | $380.58 | $380.58 |
| Chau | Kim | 03/12/2011 | 04/23/2011 | $339.74 | $339.74 |
| Cruz | Jasfer | 03/12/2011 | 05/21/2011 | $52.92 | $52.92 |
| Cruz | Nenita | 03/12/2011 | 03/23/2013 | $24,898.77 | $24,898.77 |
| Cruz | Nijel | 03/12/2011 | 03/09/2013 | $3,211.13 | $3,211.13 |
| De Vera | Lydia | 06/16/2012 | 06/16/2012 | $299.50 | $299.50 |
| Dela Cruz | Eliza | 04/23/2011 | 04/23/2011 | $81.00 | $81.00 |
| Dela Cruz | Narciso | 03/12/2011 | 04/21/2012 | $1,460.53 | $1,460.53 |
| Devenecia | Kimberly | 06/11/2011 | 12/17/2011 | $64.00 | $64.00 |
| Durham | Erica | 07/30/2011 | 07/30/2011 | $312.97 | $312.97 |
| Eguilos | Cesar | 03/12/2011 | 03/23/2013 | $10,944.51 | $10,944.51 |
| Eguilos | Cirilo | 04/09/2011 | 03/09/2013 | $1,066.55 | $1,066.55 |
| Eguilos | Jenia | 03/12/2011 | 03/23/2013 | $12,800.86 | $12,800.86 |
| Eguilos Jr. | Cesar | 03/26/2011 | 12/01/2012 | $1,184.15 | $1,184.15 |
| Estoesta | Joevie | 04/09/2011 | 06/04/2011 | $483.92 | $483.92 |

| # | Last | First | Date 1 | Date 2 | Amount 1 | Amount 2 |
|---|---|---|---|---|---|---|
| 1 | Estoesta | Romeo | 03/19/2011 | 03/26/2011 | $28.00 | $28.00 |
| 2 | Framo | Maria Gladys | 03/12/2011 | 05/05/2012 | $9,895.71 | $9,895.71 |
| 3 | Fuentes | Evalyn | 03/12/2011 | 05/05/2012 | $11,739.36 | $11,739.36 |
| 4 | Guillermo | Lucita | 12/22/2012 | 03/23/2013 | $337.50 | $337.50 |
| 5 | Langub | Monalisa | 03/12/2011 | 05/05/2012 | $8,818.71 | $8,818.71 |
| 6 | Langub | Stephen | 04/09/2011 | 05/05/2012 | $7,880.43 | $7,880.43 |
| 7 | Legaspi | Virgilio | 08/27/2011 | 03/10/2012 | $600.21 | $600.21 |
| 8 | Lulu | Lourdes | 06/11/2011 | 05/05/2012 | $7,021.50 | $7,021.50 |
| 9 | Manabat | Enrique | 03/12/2011 | 03/23/2013 | $5,146.22 | $5,146.22 |
| 10 | Manabat | Rosario | 03/12/2011 | 03/23/2013 | $19,923.30 | $19,923.30 |
| 11 | Manabat Jr. | Enrique | 03/12/2011 | 03/23/2013 | $20,517.60 | $20,517.60 |
| 12 | Marcellana | Ligaya | 03/26/2011 | 09/10/2011 | $265.45 | $265.45 |
| 13 | Martillano | Dolores | 03/12/2011 | 03/23/2013 | $224.19 | $224.19 |
| 14 | Morales | Gigi | 08/06/2011 | 04/21/2012 | $2,140.66 | $2,140.66 |
| 15 | Morla | Rosalindalinda | 03/12/2011 | 03/23/2013 | $17,394.62 | $17,394.62 |
| 16 | Onierro | Mell | 03/12/2011 | 02/09/2013 | $27,032.52 | $27,032.52 |
| 17 | Ordillano | Flordeliza | 04/09/2011 | 02/09/2013 | $19,711.03 | $19,711.03 |
| 18 | Paras | Helen | 03/09/2013 | 03/23/2013 | $274.36 | $274.36 |
| 19 | Pescador | Maximina | 11/19/2011 | 03/09/2013 | $3,159.21 | $3,159.21 |
| 20 | Rodriguez | Juana | 06/04/2011 | 03/23/2013 | $624.35 | $624.35 |
| 21 | Sarmiento | Zenaida | 05/19/2012 | 05/19/2012 | $55.25 | $55.25 |
| 22 | Soriano | Anita | 03/12/2011 | 02/11/2012 | $1,708.73 | $1,708.73 |
| 23 | Tamundong | Angelita | 10/29/2011 | 12/03/2011 | $108.00 | $108.00 |
| 24 | Valmeo | Catalina | 03/12/2011 | 03/23/2013 | $15,725.04 | $15,725.04 |
| 25 | Valmeo | Clifford | 03/12/2011 | 04/21/2012 | $16,232.70 | $16,232.70 |

| | | | | | |
|---|---|---|---|---|---|
| Valmeo | Irene | 03/12/2011 | 01/26/2013 | $2,551.90 | $2,551.90 |
| Valmeo | Marianne | 03/12/2011 | 01/12/2013 | $1,037.46 | $1,037.46 |
| Valmeo | Teofilo | 03/12/2011 | 03/23/2013 | $15,756.89 | $15,756.89 |
| Villadores | Florencia | 07/23/2011 | 03/23/2013 | $1,383.63 | $1,383.63 |
| | | | | $279,577.49 | $279,577.49 |

**CONSENT JUDGMENT**           **Page 13 of 13**